## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**RICHARD T. REYNOLDS**                                          **CIVIL ACTION**

**VERSUS**

**BURL CAIN, ET AL**                                             **NO. 10-201-C-M2**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, July 20, 2010.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICHARD T. REYNOLDS                                         CIVIL ACTION

VERSUS

BURL CAIN, ET AL                                            NO. 10-201-C-M2

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by Richard T. Reynolds ("Reynolds"). The State has filed an opposition to Reynolds' habeas petition (R. Doc. 4).

## PROCEDURAL BACKGROUND

Reynolds was indicted for aggravated rape and aggravated burglary on January 26, 1984. He was subsequently convicted on both of those charges on May 23, 1984 in the 9th Judicial District Court, Parish of Rapides, State of Louisiana. He was sentenced, on August 20, 1984, to life imprisonment at hard labor without the benefit of parole on the aggravated rape conviction and fifteen (15) years imprisonment at hard labor on the aggravated burglary conviction, with the sentences to run concurrently. He is presently in custody at the Louisiana State Penitentiary in Angola, Louisiana. Reynolds appealed his convictions and sentences to the Louisiana Third Circuit Court of Appeals, which affirmed same on August 2, 1985. *See, State v. Reynolds*, 473 So.2d 886 (La. App. 3 Cir. 1985).

Several years later, Reynolds filed various motions with the state trial court seeking a copy of his trial transcript, which were denied. Subsequently, after the trial court ultimately granted his request for a copy of his trial transcript, he amended his motion on

1

August 3, 1988 to request additional documents, which amendment request was denied. He filed a writ application with the Third Circuit Court of Appeals on August 26, 1988 concerning the trial court's denial of his motion to amend, which the Third Circuit denied. He also filed a writ application with the Louisiana Supreme Court concerning the denial of his motion to amend, which was denied on April 21, 1989. Although Reynolds subsequently filed numerous post-conviction relief applications in the state courts on other grounds beginning in October 1988, the last action in state court pertaining to those applications, as reflected by the certified state court record provided to the Court, occurred in 2003 at the latest.

On August 17, 1992, Reynolds also filed a *pro se* 42 U.S.C. §1983 claim against the Rapides Parish Clerk of Court, the Ninth Judicial District Court, and the Custodian of Records for the Rapides City Police Department for alleged constitutional violations in connection with his arrest and conviction in state court for crimes of violence. The U.S. District Court for the Western District of Louisiana dismissed in part and stayed in part his §1983 claims. On April 20, 1994, the U.S. Fifth Circuit Court of Appeals affirmed in part and vacated in part the district court's decision, finding that Reynolds was challenging the legality of his confinement and that he must first pursue his state and federal habeas remedies prior to asserting claims under §1983. *See, Reynolds v. Clerk of Court*, 21 F.3d 1107 (5th Cir. 1994).

Approximately twenty-six (26) years after his conviction, seven (7) years after the last action by the state courts on any of his various post-conviction relief applications, and sixteen (16) years after the dismissal of his §1983 suit, Reynolds filed his present habeas petition pursuant to 28 U.S.C. §2241 on or about March 25, 2010, wherein he contends,

in a highly incomprehensible and generalized manner, that his commitment to the Department of Corrections is "void" based upon "newly discovered secret[ly] held evidence." Although Reynolds filed his habeas petition on the forms utilized for applications filed pursuant to 28 U.S.C. §2254, he indicates in his application that he is not challenging his underlying convictions; instead, he states that he is challenging his commitment to the Department of Corrections and that his habeas application is filed pursuant to 28 U.S.C. §2241.[1]  The State opposes Reynolds' habeas petition and contends that it should be dismissed on the grounds that it was untimely-filed and because he failed to exhaust his state court remedies.

## LAW & ANALYSIS

The U.S. Fifth Circuit Court of Appeals has recognized that, when a state prisoner is not challenging the legality of his conviction or the validity of his initial sentence, he is not entitled to relief under 28 U.S.C. §2254.  It has further recognized, however, that, where a state prisoner is attacking the manner in which his sentence is being executed, as the Court can only assume Reynolds is challenging herein, his petition for writ of habeas corpus is more properly construed as seeking relief under 28 U.S.C. §2241. *Stewart v. Cain*, 71 F.3d 879 (5th Cir. 1995).  Section 2241 claims are subject to a one (1) year period of limitation outlined in 28 U.S.C. §2244(d). *Jackson v. Province*, 2009 WL 2392925 (10th Cir. 2009), citing *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).  Section 2244(d)

---

[1] It appears that petitioner is challenging his "removal" and transport from the prison in Alexandria, Louisiana, to the Louisiana State Penitentiary in Angola, Louisiana, on the basis that it was performed without authority, permission, consent, or a warrant.

3

provides in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> * * *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[Emphasis Added.]  28 U.S.C. §2244(d)(1)(A) and (d)(2).

Reynolds' convictions and sentences became final on September 1, 1985, thirty (30) days after the Louisiana Third Circuit Court of Appeals affirmed same since there is no evidence before the Court that Reynolds timely applied for writs to the Louisiana Supreme Court on direct appeal. Reynolds did not file his first post-conviction relief application with the state trial court until three (3) years later in October 1988. Accordingly, the one (1) year limitations period under §2244(d) had elapsed before petitioner even sought post-conviction relief in state court. Moreover, even assuming all of petitioner's state post-conviction relief proceedings and his §1983 suit involved the same allegations as his present habeas petition (which is unlikely, if not impossible, since his present claims allegedly involve the discovery of new evidence)[2] and that the §2244(d) limitations period was tolled during the

---

[2] Because Reynold's allegations in his habeas petition are so unintelligible and he has failed to carry his burden of indicating what claims he previously raised before the state courts during his post-conviction proceedings, it is not possible for the undersigned to determine whether the allegations raised in his habeas petition were asserted in his prior state filings.

time that those filings were pending, his habeas petition is nevertheless untimely since the last action taken by the state courts in any of those proceedings appears to have occurred over seven (7) years ago in 2003.

Additionally, even though Reynolds has alleged that his habeas petition is based upon "newly discovered evidence," which can serve as a basis for equitable tolling under certain circumstances, he has failed to carry his burden of proof in that regard.[3]  He has not specifically indicated in his habeas petition how or when the "newly discovered evidence" became available to him or his family members nor has he described, in a comprehensible manner, the evidence that has become available to him.  As the State points out in its opposition, merely indicating that "family members" got "privileged" information from "inside help" "weeks ago" is insufficient.

Finally, even assuming Reynolds could demonstrate that his habeas petition is timely based upon "newly discovered evidence," his petition is nevertheless subject to dismissal for failure to exhaust state court remedies, as Reynolds has not presented any evidence demonstrating that the claims he asserts herein, which are based upon "privileged" information allegedly ascertained "weeks ago," were first presented to the state courts.  Although §2241 contains no explicit exhaustion requirement, the Fifth Circuit has required a petitioner seeking relief under that statute to first exhaust his state remedies. *Stewart v. Cain*, 71 F.3d 879 (5th Cir. 1995); *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th

---

[3] Although the one-year federal limitations period is subject to equitable tolling in "rare and exceptional circumstances," the petitioner bears the burden of establishing that equitable tolling is warranted.  *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).  Equitable tolling applies "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Coleman v. Johnson*, 184 F.3d 398, 402 (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Cir.), *cert. denied*, 484 U.S. 956 (1987). This exhaustion requirement is only satisfied when the substance of a federal habeas claim has been "fairly presented" to the highest state court. *Mecandel v. Cain*, 179 F.3d 271 (5th Cir. 1999)(A claim is not exhausted unless the habeas petitioner provides the highest state court with a fair opportunity to pass upon the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts). Reynolds gives no indication in his habeas petition as to what, if any, claims he raised in the state courts during his direct appeal and post-conviction proceedings, stating that such information is "unknown." Since the burden of proving exhaustion lies with the petitioner, Reynolds' habeas petition should also be dismissed for failing to carry that burden of proof.[4]

## RECOMMENDATION

For the above reasons, it is recommended that the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by Richard T. Reynolds should be **DISMISSED WITH PREJUDICE.**

Signed in chambers in Baton Rouge, Louisiana, July 20, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[4] The petitioner bears the burden of showing exhaustion of state remedies. 16A Fed.Proc., L.Ed. §41:264. The petitioner may discharge that burden of proof by stating the facts in the petition and by providing copies of briefs filed in state court or of state-court opinions demonstrating that the same issues have been presented to the state courts. *Id.*